# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>      Plaintiff,<br><br>v.<br><br>HUMANSCALE CORPORATION,<br><br>      Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird Technologies") hereby alleges against Defendant Humanscale Corporation ("Humanscale"), on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

### THE PARTIES

1.   Plaintiff Blackbird Technologies is a Delaware limited liability company with its principal place of business located at 200 Baker Ave., Ste. 203, Concord, MA 01742.

2.   Humanscale is a New York corporation with its principal place of business located at 11 East 26th Street, 8th Floor, New York, NY 10010.

### JURISDICTION AND VENUE

3.   This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code §§ 100, *et seq*.

4.   This Court has subject matter jurisdiction over this action per 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

5. This Court has personal jurisdiction over Humanscale because Humanscale transacts business in the State of New Jersey and with citizens of the State of New Jersey. In addition, Humanscale maintains multiple facilities in New Jersey, at 6 Campus Drive, 1st Floor, Parsippany, NJ 07054, 220 Circle Drive North, Piscataway, NJ 08854, and 240 Half Mile Road, Lower Level, Red Bank, NJ 07701.[1] Humanscale's "largest manufacturing facility" is located in New Jersey.[2] Moreover, Humanscale maintains an interactive website (humanscale.com) accessible to citizens of the State of Jersey. On this website, individuals can search for resellers of Humanscale products in New Jersey.[3]

6. Venue is proper in the District of New Jersey because Humanscale has a regular and established place of business and has committed acts of infringement in it. In particular, Humanscale maintains multiple facilities in New Jersey, at 6 Campus Drive, 1st Floor, Parsippany, NJ 07054, 220 Circle Drive North, Piscataway, NJ 08854, and 240 Half Mile Road, Lower Level, Red Bank, NJ 07701.[4] Humanscale's "largest manufacturing facility" is located in New Jersey.[5] Humanscale has committed acts of infringement in New Jersey by selling and offering for sale products that infringe U.S. Patent No. 8,180,485.

## THE ASSERTED PATENT

7. U.S. Patent No. 8,180,485 (the "'485 patent), entitled, "Medication Dispensing Cart," was duly and legally issued by the U.S. Patent and Trademark Office on May 15, 2012. Blackbird Technologies is the owner by assignment of all right, title, and interest in and to the

---

[1] https://www.humanscale.com/about/company-overview/locations.cfm.
[2] http://www.humanscale.com/L/ces2016press/Humanscale-CSR.pdf.
[3] https://www.humanscale.com/about/where-to-buy/find-a-reseller.cfm
[4] https://www.humanscale.com/about/company-overview/locations.cfm.
[5] http://www.humanscale.com/L/ces2016press/Humanscale-CSR.pdf.

'485 patent, including all right to recover for any and all infringement thereof. The '485 patent is valid and enforceable. A true and correct copy of the '485 patent is attached as Exhibit A.

8. Claim 32 of the '485 patent recites, for example, a medical dispensing cart having (i) a computer monitor; (ii) a power system; (iii) a base; (iv) a mast extending vertically up from the base; (v) a work surface disposed below the computer monitor and coupled to the mast; and (vi) a cassette drawer system comprising removably coupled drawer housings.

THE ACCUSED PRODUCT



9. The MedLink Mobile Technology Cart is a medication dispensing cart that works with software, made and provided by Humanscale, which controls the opening and closing of the drawers of the cart. The cart enables a workflow whereby the cart's drawers are unlocked at, for

3

example, a hospital pharmacy, and loaded with medication, with each patient's medication being placed into an individual drawer. The drawers are closed and remain locked until the healthcare provider moves the cart to the patient, at which point that particular patient's drawer can be unlocked and the medication contained therein administered to the patient. Humanscale depicts this workflow as follows:

**The MedLink medication distribution workflow is easy:**

    

1. Log in to the MedLink software
2. Scan the patient's wristband and the matching drawer unlocks and opens
3. Access the medication and proceed with normal BCMA workflow
4. Push the drawer closed and it locks automatically
5. Continue to next patient and repeat the process starting at step 2

10. The MedLink cart is available in at least two drawer-housing configurations. The "M1" or standard configuration contains a single drawer housing. The "M2" or "high-capacity" configuration has two drawer housings, as shown below:



11.     The MedLink cart does not come with a computer system installed.  Rather, users must provide a computer system, generally a laptop which is installed below the work surface of the cart and connected to a monitor attached to a mount on the top of the cart.

PRIOR KNOWLEDGE OF THE '485 PATENT

12.     On January 30, 2017, Markos Paradissis, President at MV Circuit Design Inc., sent Jim Owens, Humanscale Global Product Director, the following LinkedIn message:  "Hi Jim This is Markos Paradissis President at MV Circuit Design Inc.  My company developed the IP for the mobile medication dispensing cart that Omnicell is using.  Recently as a result of settlement of litigation between MV Circuit and Omnicell, Inc., MV Circuit has acquired from Omnicell ownership of certain patents and applications related to mobile medication carts and related technology—including U.S. Patent Nos. 8,180,485, 8,812,153, and U.S. Patent

5

Application No. 14/327,275 with claims allowed.  MV Circuit also has patents 8,179,228 and 8,085,128 that go hand and hand with the acquired patents mentioned earlier we our selling the patent portfolio in the health care point of care medication dispensing arena.  I would like to schedule a call with you at your earliest convenience to discuss this further.  Would this be something you may be interested in or is there someone else you may know that you could introduce to me?  Thanks in advance, Markos P Paradissis President MV Circuit Design Inc."

13.     On February 7, 2017, Markos Paradissis sent Jonathan Puleio, Humanscale Managing Director, the following LinkedIn message:  "Hi Jonathan, I hope I'm not being intrusive.  Have you been able to find a contact at Humanscale that I can speak to about MV Circuit Design Inc multiple patents and IP we have for sale in the medication dispensing mobile cart arena?  Thanks in advance Markos Paradissis."

14.     On February 7, 2017, Jonathan Puleio replied to Markos Paradissis on LinkedIn: "Hi Markos, I was in touch with Jim Owens and he mentioned that you and he had already spoken about this so I'm afraid there isn't much else I can do for you.  Sorry I can't be more helpful."

15.     On February 7, 2017, Markos Paradissis sent Jonathan Puleio a LinkedIn message copying the same message sent to Jim Owens as shown *supra* at paragraph 12.

16.     Therefore, Humanscale, through communications with Markos Paradissis, has had knowledge of the '485 patent since at least February 7, 2017.

COUNT I – INFRINGEMENT OF THE '485 PATENT

17.     Blackbird Technologies reasserts and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

18. Beginning as of February 7, 2017, Humanscale has been actively inducing infringement of at least claim 32 of the '485 patent by instructing, promoting, and supporting the use of "a computer with a computer monitor and a computer controller" with its "high-capacity" MedLink cart.

19. Beginning as of February 7, 2017, Humanscale has actively induced the use of "a computer with a computer monitor and a computer controller" in its MedLink cart product while knowing that the induced acts constitute infringement of at least claim 32 of the '485 patent.

20. As shown below, the MedLink cart, in its "high capacity configuration, satisfies all limitations of claim 32 of the '485 other than the limitation requiring "a computer with a computer monitor and a computer controller":



7



21.     Humanscale has induced infringement by, without limitation, making, using, importing, selling and/or offering for sale the MedLink cart, in its high capacity configuration, for use by customers and others and, upon information and belief, providing those customers and others with instructions and information as to arrangements, applications, and uses of the MedLink cart that promote and demonstrate how to use the MedLink cart in a manner that would infringe the '485 patent, including by using the cart with "a computer with a computer monitor and a computer controller."

22.     In its product document, Humanscale almost universally depicts the MedLink cart with a computer monitor displaying information from a computer contained within the MedLink cart.  For example, nearly every image of the MedLink cart displayed on Humanscale's product page shows (https://www.humanscale.com/products/product.cfm?group=MedLink) the cart with a computer system in use on it:









23.     The same is true with the promotional video featured on the site, which shows the MedLink cart being used with a computer and computer monitor throughout:













24.     Similarly, Humanscale's brochure for the MedLink cart shows it being used with a computer system:





25. In addition, each of the MedLink carts depicted as "common configuration[s]" in Humanscale's Healthcare Pricing and Specification Guide shows the cart with, at least, a monitor installed:



26. Moreover, Humanscale promotes the use of its MedLink Pro Software, which requires a computer system to operate, in its MedLink carts. For example, the software is prominently featured in Humanscale's brochure for its MedLink carts:

## MedLink Pro Software



**Electronic Drawer Labeling**

- Drawers can be assigned to an individual patient through electronic labeling
- HL7 integration allows patient labels to be selected from the existing hospital patient list rather than manual entry
- Drawers may be labeled as storage drawers when transporting non-patient specific supplies or consumables
- Search for patients by department
- RFID-embedded technology assists in locating each patient drawer — to the specific cart, cassette and caregiver



**Bar Code Scanning**

- Assigned drawers can be opened automatically by scanning a patient wristband bar code
- Drawers can be opened and closed individually
- Bar Code Scan Locations (at the ADC or in a medication store room) ensure drawers can only be accessed in a designated area when filling medication
- Override events (opening drawers without scanning the patient's wristband or location bar code) are captured via reporting software



**Auto-close**

- If patient drawers are left open, the system will automatically close and lock the drawer, preventing unauthorized access to medication if the caregiver is called away



**IT Integration**

- Microsoft Active Directory integration, with option to set-up single sign-on capabilities
- Access provided through secure username and password system

27. Upon information and belief, users of the MedLink cart have directly infringed at least claim 32 of the '485 patent by installing "a computer with a computer monitor and a computer controller" into the cart, as depicted by Humanscale in its promotional materials for the MedLink cart. Humanscale has had actual knowledge that its users are using its MedLink cart with "a computer with a computer monitor and a computer controller."

28. Accordingly, since at least February 7, 2017, Humanscale has specifically intended its customers to infringe the '485 patent and has known that its customers' acts constitute infringement.

29. In view of Humanscale's confirmation of its knowledge of the '485 patent since at least February 7, 2017 (*see supra* ¶¶ 11-14), and the evidence supporting Humanscale's inducement of infringement (*see supra* ¶¶ 18-25), Humanscale's infringement has been and continues to be egregious at least because of the reckless disregard of the objectively high likelihood of its prior and ongoing infringement of the '485 patent.

30. Under these facts, Humanscale's infringement has been and continues to be egregious and willful.

## DAMAGES

31. Blackbird Technologies has sustained damages as a direct and proximate result of Humanscale's infringement of the '485 patent.

32. As a consequence of Humanscale's infringement of the '485 patent, Blackbird Technologies is entitled to the recovery of damages in the form of, at a minimum, a reasonable royalty, including royalties for damages accruing since at least February 7, 2017, and on a going-forward basis.

33. Because Humanscale's infringement of the '485 patent has been and continues to be willful, Blackbird Technologies is entitled to treble damages.

34. The relevant persons have, at all times, complied with the requirements of 35 U.S.C. § 287.

PRAYER FOR RELIEF

WHEREFORE, Blackbird Technologies respectfully requests that this Court enter judgment against Defendant, as follows:

A. Adjudging that Defendant has induced the infringement of the '485 patent in violation of 35 U.S.C. § 271;

B. Awarding damages to be paid by Defendant adequate to compensate Blackbird Technologies for Defendant's infringement occurring since at least February 7, 2017, and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs, and disbursements pursuant to 35 U.S.C. § 284 and, if necessary to adequately compensate Blackbird Technologies for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C. Ordering Defendant to continue to pay royalties to Blackbird Technologies for infringement of the '485 patent on a going-forward basis;

D. Awarding Blackbird Technologies treble damages based on any infringement found to be willful pursuant to 35 U.S.C. § 284;

E. Awarding that this case be exceptional under 35 U.S.C. § 285 and awarding costs, expenses, and attorneys' fees to Blackbird Technologies;

F. Awarding Blackbird Technologies pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

G. Granting Blackbird Technologies such further relief as this Court deems just and proper under the circumstances.

<u>DEMAND FOR JURY TRIAL</u>

Blackbird Technologies demands a trial by jury on all claims and issues so triable.

| | |
|---|---|
| Dated: June 28, 2018 | STAMOULIS & WEINBLATT LLC |
| OF COUNSEL | */s/Stamatios Stamoulis* |
| | Stamatios Stamoulis #SS7949 |
| Christopher Freeman | stamoulis@swdelaw.com |
| cfreeman@blackbird-tech.com | Richard C. Weinblatt #5080 |
| Wendy Verlander | weinblatt@swdelaw.com |
| wverlander@blackbird-tech.com | Two Fox Point Centre |
| John Handy | 6 Denny Road, Suite 307 |
| jhandy@blackbird-tech.com | Wilmington, DE 19809 |
| Blackbird Tech LLC d/b/a | (302) 999-1540 |
| Blackbird Technologies | |
| One Boston Place, Suite 2600 | *Attorneys for Plaintiff* |
| Boston, MA 02108 | *Blackbird Tech LLC* |
| (617) 307-7100 | *d/b/a Blackbird Technologies* |